UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 4969

JUDGE BATTS

----------------------------------X

GUDELIA RAMOS,                                         Civil Action No.:

                    Plaintiff,

        - against -                              **NOTICE OF REMOVAL**

SEARS/KMART,                                     New York County
                                                 Index No. 08/106136
                    Defendant-Petitioner.



----------------------------------X

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Defendant-petitioner, KMART CORPORATION, s/h/a SEARS/KMART, ("Petitioner"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., GEORGE C. FONTANA, JR., ESQ., of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1.   On May 19, 2008, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of New York.  A trial has not yet been had therein.  A copy of the Summons and Complaint is annexed hereto as **Exhibit "A"**.

2.   Petitioner has not yet served an Answer to plaintiff's Complaint.

3.   The action seeks monetary damages for injuries allegedly suffered by plaintiff, GUDELIA RAMOS, while she was in

petitioner's store.    The plaintiff's Complaint sounds in negligence.

4.    The action involves a controversy between citizens of different states, in that: (a) plaintiff is a citizen of the State of New York; and (b) petitioner, KMART CORPORATION, is now, and was at the time the action was commenced, a corporation incorporated in the State of Michigan with its principal place of business in the State of Michigan.

5.    This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between petitioner and plaintiff. In addition, the amount in controversy exceeds $75,000.

6.    This Notice of Removal is being filed within thirty (30) days after receipt by petitioner of plaintiff's Complaint.

7.    Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

8.    A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of New York, promptly after the filing of this Notice.

9.    Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

10. By filing this Notice of Removal, petitioner does not waive any defenses which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over plaintiff, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, petitioner prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of New York, be removed therefrom to this Court.

Dated:    Syosset, New York
          May 28, 2008

                         Yours, etc.,

                         SIMMONS, JANNACE & STAGG, L.L.P.


                         By: _____
                             GEORGE C. FONTANA, JR. (GF-1802)
                         Attorneys for Defendants,
                         KMART CORPORATION s/h/a SEARS/KMART
                         Office & P.O. Address:
                         75 Jackson Avenue
                         Syosset, New York 11791-3139
                         (516) 357-8100

TO:
BERNARD FINTZ, ESQ.
Attorney for Plaintiff,
GUDELIA RAMOS
Office & P.O. Address:
26 Court Street – Suite 2214
Brooklyn, New York 11242
(718) 852-2400

Exhibit A

FORM 16F OF BUMMONS AI SERVICE 1-70

©1977 BY JULIUS BLUMBERG, PUB.
82 WHITE STREET, NEW YORK, N.Y.

**Supreme Court of the State of New York**
**County of** New York

GUDELIA RAMOS,

Plaintiff(s)

against

SEARS/KMART,

Defendant(s)

Index No. 08 106 / 36

Plaintiff(s) designates

NEW YORK MAY - 1 2008

County as the place of trial

The basis of the venue is

Residence

**Summons with Notice**

Plaintiff(s) reside(s) at  Apt. 2C
70 Amsterdam Avenue
New York, NY 11356
County of  New York

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days
after the service is complete if this summons is not personally delivered to you within the State of New York); and in
case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated.  Brooklyn, New York
April 14, 2008
Defendant's Address:

1 Penn Plaza
250 West 34th Street, NY NY 10119

Notice: The nature of this action is
negligence

The relief sought is money

BERNARD FINTZ, ESQ.
Attorney(s) for Plaintiff(s)
Office and Post Office Address
26 Court Street - Ste. 2214
Brooklyn, NY 11242

Upon your failure to appear, judgment will be taken against you by default for the sum of $500,000.00
with interest from December 26, 2007    XX    and the costs of this action.

SEE ATTACHED COMPLAINT

2008-05-19 13:51    KMART7749    12127601188 >>    8184728654111    P 3/6

STATE OF NEW YORK, COUNTY OF                                   SS.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐  Certification    certify that the within
    By Attorney

has been compared by me with the original and found to be a true and complete copy.

☐  Attorney's     state that I am
    Affirmation

the attorney(s) of record for                                                    in the within

action; I have read the foregoing                                    and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

STATE OF NEW YORK, COUNTY OF   KINGS                        SS.:

I, the undersigned, being duly sworn, depose and say: I am   **the Plaintiff**

☑  Individual     in the action; I have read the foregoing   **Summons and Complaint**
    Verification

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐  Corporate      the                        of
    Verification

a

corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This

verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

x _Gudelia Ramos_

Sworn to before me on
April 3rd, 2008

BERNARD FINTZ
Notary Public, State of New York
No. 6301475 Qualified in Queens County
Commission Filed in Kings County
Expires December 31, 20___

**GUDELIA RAMOS**

STATE OF NEW YORK, COUNTY OF                        SS.:        (If more than one box is checked—indicate after names type of service used)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                                    I served the within

☐  Service       by mailing a copy to each of the following persons at the last known address set forth after each name below.
    By Mail

☐  Personal      by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served
    Service on    to be the person mentioned and described in said papers as a party therein:
    Individual

☐  Service by    by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL
    Electronic    at the E Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a
    Means         copy to the address set forth after each name.

☐  Overnight     by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name
    Delivery      below.
    Service

SURPEME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

x------------------------------------------------------------------------x
GUDELIA RAMOS,

                                                *Plaintiff,*

                                                Index No.:

          *against*

SEARS/KMART,

                                                COMPLAINT

                                   *Defendant.*

x------------------------------------------------------------------------x

       Plaintiff GUDELIA RAMOS, through her Attorney, BERNARD FINTZ, ESQ., alleges as and for her COMPLAINT as follows:

       1.     That at all times hereinafter mentioned, Plaintiff was a resident of the County of New York, City and State of New York, residing at 70 Amsterdam Avenue, Apt. 2D, New York, New York 11356;

       2.     That at all times hereinafter mentioned, the Sears/KMart Store was located at 1 Penn Plaza, 250 West 34th Street, New York, New York 10119;

       3.     That on the 26th day of December 2007, at approximately 3:00 p.m., Plaintiff was lawfully in the building as a customer of the Defendant;

       4.     That at the said time and place, Plaintiff was directed by the Defendant to use the escalator, which was not working at the time. Plaintiff walked up the escalator, going from the 1st floor to the 2nd floor, and as she was going up the staircase she was caused to trip and fall due to the metal grooves on the step, thereby sustaining injuries hereinafter alleged;

       5.     That at the time of the accident the escalator was not working and Plaintiff was caused to walk up the escalator. She reached a point where she was about three escalator steps from the 2nd floor. When she reached about the third step from the 2nd floor going up, her right

sneaker got caught between the metal grooves of the third step that she was on, thereby causing her to fall on her knees;

6.      The accident and the injuries resulting to Plaintiff there from were caused solely by the negligence of the Defendant in allowing the escalator to be used when it was not in working order, and permitting the steps to have metal spaces between the iron or the steel forming the step, causing her right sneaker to get caught between the metal grooves and causing the Plaintiff to fall;

7.      That as a result of the foregoing, the Plaintiff herein sustained injuries requiring medical attention, hospitalization and physical therapy for approximately 4 to 5 months after the accident;

WHEREFORE, that as a result of the foregoing, the Plaintiff herein, GUDELIA RAMOS, demands judgment against the Defendant SEARS/KMART, for personal injuries sustained in the sum of $500,000.00, together with the costs, interest and disbursements of this Action.

Dated: Brooklyn, New York
       2ʸᵗ day of April, 2008

                                              Yours, etc.,

                                              BERNARD FINEZ
                                              Attorney for Plaintiff
                                              26 Court Street
                                              Suite 2214
                                              Brooklyn, NY 11242
                                              (718) 852-2400

Yours, etc.

Dated,

on

Dated,

Index No.

Supreme Court of the State of New York
County of New York

GUDELIA RAMOS,

Plaintiff(s)

against

SEARS/KMART

Defendant(s)

**Summons with Notice**
ACTION NOT BASED UPON
CONSUMER CREDIT TRANSACTION

BERNARD FINTZ, ESQ.
Attorney(s) for Plaintiff(s)
26 Court Street
Suite 2214
Brooklyn, NY 11242
(718) 852-2400

Office, Post Office Address and Tel. No.

**DESCRIPTION USE WITH**

1 of 3

Deponent describes the individual served as follows: Sex: ☐ male ☐ female;

☐ White Skin  ☐ Under 5'  ☐ Under 100 Lbs.
☐ Black Skin  ☐ 5'0"-5'3"  ☐ 100-130 Lbs.
☐ Yellow Skin  ☐ 5'4"-5'8"  ☐ 131-160 Lbs.
☐ Brown Skin  ☐ 5'9"-6'0"  ☐ 161-200 Lbs.
☐ Red Skin  ☐ Over 6'  ☐ Over 200 Lbs.

☐ Black Hair  ☐ Red Hair  ☐ 14-20 Yrs.
☐ Brown Hair  ☐ White Hair  ☐ 21-35 Yrs.
☐ Blond Hair  ☐ Balding  ☐ 36-50 Yrs.
☐ Gray Hair  ☐ 51-65 Yrs.
☐ Over 65 Yrs.

Other identifying features:

Affidavit of Service

State of New York, County of                     ss.:

sworn, deposes and says; that deponent is not the action, is over 18 years of age and resides

19          at No.

on          defendant

served the within summons

by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

a                               corporation,
by delivering thereat a true copy of each to
thereof

personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be

by delivering thereat a true copy of each to

a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling house—usual place of abode—within the state.

by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling house—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to defendant at defendant's last known residence, at

and deposited said wrapper in—a post office—official depository under exclusive care and custody of the United States Postal Service within New York State.

Sworn to before me on

P 6/6

81847728B5411        12127601188 >>        KMART7749        2008-05-19 13:51