```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
GUDELIA RAMOS,                              Civil Action No.:
                                            08 CV 4969
                    Plaintiff,
                                            VERIFIED ANSWER
    - against -
                                            J. Bates
SEARS/KMART,                                M. Freeman

                    Defendant.
------------------------------------------X
```

Defendant, KMART CORPORATION, s/h/a SEARS/KMART, by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., as and for its Verified Answer to plaintiff's Verified Complaint, responds as follows:

1.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "1" of the Verified Complaint.

2.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "2" of the Verified Complaint, except admits that defendant, KMART CORPORATION, s/h/a SEARS/KMART, is located at 1 Penn Plaza, 250 West 34th Street, New York, New York 10119.

3.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "3" of the Verified Complaint.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "4" of the Verified Complaint.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "5" of the Verified Complaint.

6. Deny the allegations contained in numbered paragraph "6" of the Verified Complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "7" of the Verified Complaint.

8. Denies plaintiff is entitled to the relief requested in the "WHEREFORE" Clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The alleged cause of action in negligence asserted by the plaintiff in the Complaint is barred in that the plaintiff failed to bring this action within three (3) years, as set forth in § 214(5) of the CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendant herein, or, in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff

which contributed to or caused plaintiff's alleged injury.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. Upon information and belief, plaintiff has not effectuated valid service, pursuant to the CPLR, and therefore, this Court lacks jurisdiction over the person of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. Upon information and belief, this Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint fails to state a cause of action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. Upon information and belief, any damages sustained by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and/or were aggravated by the culpable conduct of plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. If plaintiff proves at trial the existence of a dangerous condition, all of which is denied, upon information and belief any damages sustained by plaintiff were caused by plaintiff having voluntarily and unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16. This defendant will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. Upon information and belief, defendant never received actual or constructive notice of any defective or dangerous condition, and, therefore, it cannot be liable for any alleged injuries suffered by plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. Upon information and belief, if plaintiff suffered any damages as alleged in the Verified Complaint, such damages were as a result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

19. If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

20. If plaintiff herein has received remuneration and/or compensation for some or all of his or her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiff's award, if any, reduced by the

amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that plaintiff's Verified Complaint be dismissed in its entirety, and that defendant be awarded the costs and disbursements of this action, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:    Syosset, New York
          June 4, 2008

                           Yours, etc.,

                           SIMMONS, JANNACE & STAGG, L.L.P.

                           By:  _____
                                GEORGE C. FONTANA, JR.
                           Attorneys for Defendants,
                           KMART CORPORATION s/h/a SEARS/KMART
                           Office & P.O. Address:
                           75 Jackson Avenue
                           Syosset, New York 11791-3139
                           (516) 357-8100

TO:
BERNARD FINTZ, ESQ.
Attorney for Plaintiff,
GUDELIA RAMOS
Office & P.O. Address:
26 Court Street – Suite 2214
Brooklyn, New York 11242
(718) 852-2400
Answer

**VERIFICATION**

GUDELIA RAMOS v. SEARS/KMART
United States District Court, Southern District of New York
Civil Action No.: 08 CV 4969

I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York, state that I am an attorney associated with the firm of SIMMONS, JANNACE & STAGG, L.L.P., the attorneys of record for defendant, KMART CORPORATION, s/h/a SEARS/KMART, in the within action. I have read the foregoing Verified Answer and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true. The reason this verification is made by me and not by defendant is because defendant has its principal place of business in another county.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows: documents in my file and/or conversations with defendant's representatives.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Syosset, New York
       June 4, 2008

GEORGE C. FONTANA, JR.

Verification to Answer by atty

## CERTIFICATE OF SERVICE

RE:     GUDELIA RAMOS v. SEARS/KMART
        CIVIL ACTION NO.: 08 CV 4969
        J. BATES
        M. FREEMAN

I hereby certify that on June 4, 2008, the foregoing **VERIFIED ANSWER** of defendant KMART CORPORATION, s/h/a SEARS/KMART, was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules On Electronic Service upon the following parties and participants:

BERNARD FINTZ, ESQ.
Attorney for Plaintiff,
GUDELIA RAMOS
Office & P.O. Address:
26 Court Street - Suite 2214
Brooklyn, New York 11242
(718) 852-2400

BY: _____
    GEORGE C. FONTANA, JR. (gf-1802)
    Simmons, Jannace & Stagg, L.L.P.